CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com; aito@hibklaw.com

Attorneys for Reorganized Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| In re | Case No. 22-00855 (Chapter 11) (Subchapter V) |
|---|---|
| MULVADI CORPORATION, Reorganized Debtor. | **AMENDED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE; DECLARATION OF ALLISON A. ITO**<br><br>Hearing:<br>Date: July 29, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Robert J. Faris |

**AMENDED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE**

87697

MULVADI CORPORATION the reorganized debtor herein (the "Debtor"), by and through its undersigned counsel, pursuant to Federal Bankruptcy Rule of Procedure 3022 and 11 U.S.C. §§ 350 and 1101, moves for entry of a final decree and order closing its chapter 11 case.

## JURISDICTION

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The instant proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

1. On November 30, 2022, the Debtor filed a voluntary Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Hawaii (the "Court").

2. On February 28, 2023, the Debtor filed its *Small Business Debtor's Plan of Reorganization* (the "Plan").

3. At a hearing held on March 13, 2023, the Court set among other dates, a hearing date of September 18, 2023 for the confirmation of the Plan.

4. On October 13, 2023, the Court entered its *Findings of Fact and Conclusions of Law in Support of Order Confirming [Plan]*, and *Order Confirming the [Combined Plan]*. The Effective Date of the Plan was December 1, 2023.

5. The Debtor has commenced distributions under the Combined Plan by sending out distributions to creditors in Class 2 under the Plan.

**RELIEF REQUESTED AND BASIS**

6. Pursuant to the Motion, the Debtor seeks an order closing this case and the entry of a final decree in this case.

7. Section 350(a) of the Bankruptcy Code states "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure states, "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bk.Pro. R. 3022.

8. A Chapter 11 estate is "fully administered" pursuant to Rule 3022 at the point of "substantial consummation" as defined by Section 1101(2) of the Bankruptcy Code. Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as (1) the transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of the

3

property dealt with by the plan; and (3) commencement of distribution under the plan. 11 U.S.C. § 1101(2).

The test of Section 350(a) and Rule 3022 is flexible. *See In re Jay Bee Enterprises, Inc.*, 207 B.R. 536 (Bankr. E. D. Ky. 1997).

9. The fact that a Chapter 11 plan is "substantially consummated" as defined by Section 1101(2) of the Bankruptcy Code is compelling reason to find that the estate is fully administered and may be closed.

10. Closing the case is in the best interest of the Debtor and the estate. The continuation of this case benefits no one. Accordingly, the Debtor respectfully requests that the Court close this case.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order closing the case; (b) enter a final decree herein, and (c) grant such additional relief as the Court deems necessary and appropriate.

DATED: Honolulu, Hawaii, June 28, 2024.

/s/ Allison A. Ito
CHUCK C. CHOI
ALLISON A. ITO
Attorneys for Reorganized Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MULVADI CORPORATION,<br><br>      Reorganized Debtor. | Case No. 22-00855<br>(Chapter 11) |

## DECLARATION OF ALLISON A. ITO

I, ALLISON A. ITO, hereby declare that, if called as a witness in this action, I could and would testify competently of my own personal knowledge as follows:

1. I am counsel for MULVADI CORPORATION reorganized debtor herein ("Debtor"). I make this declaration in support of the *Motion For Entry Of A Final Decree, Order Closing Chapter 11 Case And Providing For The Retention Of Jurisdiction Over Contested Matter* ("Motion"). Capitalized terms not herein defined shall have the meaning set forth in the Motion.

2. I have reviewed the Motion, and all of the factual allegations in the Motion are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

U.S. Bankruptcy Court - Hawaii   #22-00855   Dkt # 185   Filed  06/28/24   Page 5 of 6

Dated: Honolulu, Hawaii, June 28, 2024.

/s/ Allison A. Ito
ALLISON A. ITO